# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | **Criminal Case No.** |
| v. | ) ) | **15-10338-23-FDS** |
| HECTOR RAMIRES, | ) ) | |
| Defendant. | ) ) ) | |

## RESPONSE TO DEFENDANT'S LETTER OF MAY 13, 2018

**SAYLOR, J.**

The Court has received a letter from defendant Hector Ramires dated May 13, 2018, in which he requests that it "provide [him] with documentation that the Government did in fact comply with the May 10, 2017 "Memorandum For all Federal Prosecutors" by the Attorney General." The letter states that he believes that his inquiry falls under Federal Rule of Criminal Procedure 52(b), which provides that: "A plain error that affects substantial rights may be considered even though it was not brought to the court's attention." And he asks that his letter be construed in light of *Haines v. Kerner*, 404 U.S. 519 (1972), a case that allowed a prisoner's civil rights claim based on an alleged assault by another inmate to go forward.

The document to which defendant is referring is a one-and-a-half-page "Memorandum to All Federal Prosecutors" from the Attorney General titled "Department Charging and Sentencing Policy" released on May 10, 2017. It is available on the Department of Justice's website at https://www.justice.gov/opa/press-release/file/965896/download. It appears to set forth very general guidelines on sentencing policy. Its only reference to documentation is as follows: "Recommendations for sentencing departures or variances"—from sentences within the advisory guideline range established by 18 U.S.C. § 3553—"require supervisory approval, and the

reasoning must be documented in the file."

Construing the letter as a motion, it will be denied without prejudice. First, given the posture of this case, where the defendant has already been sentenced, the Court is doubtful that it has the authority to require the government to produce any such documentation. Second, the memo at issue is an internal Department of Justice policy, which is ordinarily up to the Attorney General to enforce, not the courts. Third, defendant was given a guidelines sentence on which he and the government agreed, therefore it is unclear what the relevance of any such documentation would be. Therefore, defendant's request for documentation is DENIED.

**So Ordered.**

Dated: May 22, 2018

/s/ F. Dennis Saylor IV  
F. Dennis Saylor, IV  
United States District Judge